UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
ZALMAN HURWITZ,

               Plaintiff,

    -against-

CRANER, SATKIN, SCHEER,
SCHWARTZ & ARNOLD P.C,

               Defendant
---------------------------------------------------------------x

CLASS ACTION COMPLAINT

CV 08 109

FEUERSTEIN, J.

GOLD, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN - 9 2008 ★
BROOKLYN OFFICE

Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this amended complaint against the above-named defendant and in support thereof alleges the following:

PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated who reside within the Eastern District of New York, for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff is a resident of the State of New York, Kings County. Defendant is an attorney debt collector who does business in the State of New Jersey. On or about June 14, 2007, defendant served this plaintiff via mail within the State of New York with an information subpoena based upon a New Jersey Judgment.

5. Upon information and belief the defendant typically serves New Jersey information subpoenas which threaten arrest in the event of lack of compliance. Because the plaintiff resides within New York there was no basis for the threat that a warrant could be issued for the plaintiff's arrest.

6. Defendant in serving its subpoena failed to include a second copy of the written questions propounded and a prepaid, addressed return envelope.

## CLASS ACTION ALLEGATIONS

7. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers residing

within the State of New York, who have been served with an information subpoena based upon a New Jersey judgment which threatened arrest and which failed to include the required additional copy together with prepaid addressed return envelope, from the period beginning one year prior to the filing of plaintiff's complaint and thereafter. Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

8. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

10. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e and 1692f.

   b. Whether plaintiff and the Class have been injured by the defendant's conduct;

   c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

11. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

12. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

14. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

15. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16. On or about June 14, 2007 the defendant served the plaintiff with a subpoena via mail at his home address in Brooklyn, New York, which threatened his arrest for non-

compliance. The information subpoena was preceded by a motion also served via mail at the plaintiff's home address in Brooklyn. Pursuant to New Jersey law execution of any such warrant that could issue under these circumstances is limited to the debtor's home address.

17. Furthermore the subpoena failed to include the required second copy and a prepaid addressed return envelope.

18. Said conduct violates 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

19. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

20. Each of the above allegations is incorporated herein.

21. Defendant's debt collection letter violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

22. As a result of defendant's violations of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, costs and attorney's fees.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff and the class actual and statutory damages;

c)  Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

d)  Awarding plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: December 30, 2007
Cedarhurst, New York

Lawrence Katz
445 Central Avenue Suite 206
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile  (516) 706-2404

ND: 4841-3384-5762, Ver 1