# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
ZALMAN HURWITZ, on behalf of himself
and all others similarly situated,                  :        08 CV 109 (SJF)(SMG)

                              Plaintiff,            :

              -against-                             :

                                                    :

CRANER SATKIN, SCHEER
SCHWARTZ & ARNOLD P.C.                              :

                              Defendants.   :
------------------------------------------------------------X
```

Lawrence Katz, Esq.
Attorney for Plaintiff
445 Central Avenue, Suite 206
Cedarhurst, NY 11516
(516) 374-2118
(516) 706-2404

MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

## I.    PRELIMINARY STATEMENT

This memorandum is in opposition to the motion to dismiss brought by the defendant pursuant to rule 12(b)(6).

## II.    JURISDICTIONAL STATEMENT

This action was brought pursuant to the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq. Subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331.

## III.    ISSUE PRESENTED

A.    Does the FDCPA permit an attorney to threaten a consumer with arrest through the use of a suboena when the attorney has no intetion of following through with his threat and further does not have the legal ability to effectuate an arrest by such means nor has he complied with the rules for service of such a subpoena?

## IV. STANDARD

The standard for granting a Rule 12(b)(6) motion for judgment on the pleadings is identical to that of a motion for failure to state a claim. *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994); *Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.*, 835 F.2d 980, 982 (2d Cir. 1987). In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. *Irish Lesbian & Gay Org.*, 143 F.3d at 644. The court will not dismiss the

case unless it is satisfied that the complaint cannot state any set of facts that would entitle him to relief.  Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001)

## V.    FACTS OF THE CASE

On a motion to dismiss or for judgment on the pleadings a court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). As the complaint avers the defendant has served a subpoena threatening the arrest of the consumer without a legal basis for doing so.  Failure to answer this subpoena could not have legally resulted in the arrest of the consumer nor was the defendant entitled to ask the New Jersey court to have the consumer arrested as the defendant failed to comply with the rules of the New Jersey court for the service of said subpoena.  Additionally, the defendant burdened the consumer with the costs of answering the subpoena when it was defendant who was required to pay for postage necessary to answer the subpoena. (Complaint at paragraphs 16 and 17).

## VI.   SUMMARY OF ARGUMENT

Plaintiff would submit that an attorney may not threaten a consumer with arrest for the failure to respond to a subpoena when the attorney does not intend to have the consumer arrested nor can the attorney using the procedure invoked have the consumer

2

arrested. Further, the attorney cannot do so where he has failed to comply with the court rules for the service of said subpoena. In addition where an attorney serves a subpoena in a manner that shifts the costs of answering the subpoena to the consumer, the attorney violates the FDCPA.

## VII. ARGUMENT

### A.    THE FDCPA

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 1997 U.S. App. LEXIS 5000 at *5 (7th Cir. 1997); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, and 1692f. Statutory damages are recoverable for violations, whether or not the plaintiff proves actual damages. *Baker*, 677 F.2d at 780-1; *Woolfolk v. Van Ru Credit Corp.*, 783 F.Supp. 724, 727 and n.3 (D.Conn. 1990); *Cacace v. Lucas*, 775 F.Supp. 502 (D.Conn. 1990); *Riveria v. MAB Collections, Inc.*, 682 F.Supp. 174, 177 (W.D.N.Y. 1988); *Kuhn v. Account Control Technol.*, 865 F.Supp. 1443, 1450 (D.Nev. 1994); *In re Scrimpsher*, 17 B.R. 999, 1016-7 (Bankr. N.D.N.Y. 1982); *In re Littles*, 90 B.R. 669, 680 (Bankr. E.D.P. 1988), aff'd as modified sub nom. *Crossley v. Lieberman*, 90 B.R. 682 (E.D.Pa. 1988), aff'd 868 F.2d 566 (3d Cir. 1989).

3

Whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated debtor." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Taylor v. Perrin, Landry, de Launday & Durand*, 103 F.3d 1232, 1997 U.S.App. LEXIS 1637 (5th Cir. 1997); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028-9 (6th Cir. 1992); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225-6 (9th Cir. 1988); Jeter v. Credit Bureau, Inc. 760 F.2d 1168 (11th Cir. 1985); *Russey v. Rankin*, 911 F.Supp. 1449 (D.N.M. 1995); *Bukumirovich v. Credit Bureau of Baton Rouge Inc.*, 155 F.R.D. 146 (M.D.La. 1994); *United States v. National Financial Servs.*, 829 F.Supp. 228, 232 (D.Md. 1993), aff'd, 98 F.3d 131, 135, 1996 U.S.App. LEXIS 26645 (4th Cir. 1996). "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon, supra.*

This act is violated even when the message given is "reasonably susceptible to an inaccurate reading." The standard applied is an objective standard measured by how the 'least sophisticated consumer' would interpret the notice received by the debt collector. *Russel v. Equifax A.R.S.* 74 F.3d 30, 35 (2d cir. 1996).

## B. DEFENDANT HAS VIOLATED THE FDCPA BY FALSELY THREATENING ARREST

4

As stated above for the purpose of this motion the facts of the complaint are taken as true. Defendant's motion for judgment on the pleadings includes exhibits a-k, a total of 11 exhibits. The defendant in footnote number 2 at page 5 of its memorandum explains, that although the information subpoena is not technically within the complaint, because the complaint references it, the court in determining the motion to dismiss may nonetheless consider the information subpoena. Of course, this begs the question as to why the defendant believed that the other 10 exhibits could be considered on this motion. The defendant's inclusion of facts outside of the complaint, which are totally irrelevant, demonstrate that the entire motion of the defendant is brought in bad faith, solely for the purposes of delaying the proceedings, and, at best, is a poor attempt at obfuscation of the facts.

The facts as alleged in the complaint are clear and simple. The complaint at paragraphs 16 and 17 reads as follows:

> On or about June 14, 2007 the defendant served the plaintiff with a subpoena via mail at his home address in Brooklyn, New York, which threatened his arrest for non-compliance. The information subpoena was preceded by a motion also served via mail at the plaintiff's home address in Brooklyn. Pursuant to New Jersey law execution of any such warrant that could issue under these circumstances is limited to the debtor's home address.
>
> Furthermore the subpoena failed to include the required second copy and a prepaid addressed return envelope.

In short as the complaint makes clear the defendant was sued for using an inappropriate procedure in an inappropriate manner and not as the defendant suggests for having used a lawful procedure in a lawful manner. The defendant chose to serve the

information subpoena upon the consumer by regular and certified mail. New Jersey recognizes that allowing a subpoena to be served via mail leaves the real possibility that the person being served will not have actual notice of the subpoena. "In recognition of this possibility, the rules include a critical safeguard: "If the notice of motion and order for arrest were served on the judgment-debtor by mail, *the warrant may be executed only at the address to which they were sent." R.* 6:7-2(g) (emphasis added). The warrant must contain that limiting provision, *ibid.;* Appendix XI-Q, thus informing the court officer directed to serve the warrant of the restriction." *New Century Financial Services, Inc. v. Nason* 367 N.J.Super. 17, 26-27, 842 A.2d 179, 185 (N.J.Super.A.D.,2004) Further New Jersey limits the hours when the individual can be arrested. "The rule providing for execution of the arrest warrant contains additional important safeguards. It may be executed only between 7:30 a.m. and 3:00 p.m. on days when court is in session; the debtor must be brought directly before a Superior Court judge; the debtor shall be furnished with a blank form of the questions on the information subpoena; and upon answering the questions, the debtor shall be immediately released. *R.* 6:7-2(g)." *New Century Financial Services, Inc. v. Nason* 367 N.J.Super. 17, 27, 842 A.2d 179, 185 (N.J.Super.A.D.,2004)

The method used by defendant limited any possible arrest to the home of the consumer. Since a New Jersey court did not have the ability to issue a warrant to be executed in Brooklyn, New York, the home of the consumer, it is clear that the failure to answer the subpoena would not have resulted in an arrest and further, it is clear that

6

defendant, a law office, was aware of the New Jersey court practices and therefore knew it could not have the consumer arrested.

In addition, defendant failed to comply with the requirements for the service of the subpoena.  As stated in the complaint the New Jersey court rules require that 2 copies of the information subpoena be served together with a postage paid return envelope. Defendant refers to this argument in one footnote wherein, to paraphrase, defendant argues that even if it failed to comply with the rules for issuing a subpoena it is irrelevant for the purposes of the FDCPA.  See defendant's memorandum footnote 9.  The defendant having argued that even if a false threat of arrest was made it could not be liable as it was only using the form required by the rules would now have us believe that its failure to follow the same rules is of no consequence.  This cannot be. In short the defendant violated the FDCPA because it threatened an arrest through the use of a subpoena without regard for its applicability and because it failed to comply with the rules for the issuing of the subpoena.

Furthermore, while defendant argues that it was required to use the subpoena form pursuant to the court rules, the Supreme Court of New Jersey has ruled that one may make changes to the form. *First Resolution Inv. Corp. v. Seker*  171 N.J. 502, 795 A.2d 868, (N.J.,2002)

In *First Resolution* the New Jersey Supreme Court found a wage garnishment form, based upon fairness concerns, to be inadequate, and ordered the appropriate administrative body to modify the form. However, the court was concerned with the

7

rights of debtors during the interim period.  The court stated: "Until such language is

adopted, we suggest that judgment creditors include in their notices a statement that

clearly and unambiguously conveys the rights of debtors in that regard."

*First Resolution Inv. Corp. v. Seker*  171 N.J. 502, 516, 795 A.2d 868, 875 (N.J.,2002).

Defendant could have modified the form by removing the false threat of arrest.

## C DEFENDANT VIOLATED THE FDCPA BY FORCING THE CONSUMER TO BEAR THE COSTS OF ANSWERING THE SUBPOENA

"A debt collector may not use unfair or unconscionable means to collect or

attempt to collect any debt." 15 U.S.C.A. § 1692f .  The statute generally prohibits these

types of practices but also includes specific acts, which violate this section.  These

include but are not limited to: " The collection of any amount (including any interest, fee,

charge, or expense incidental to the principal obligation) unless such amount is expressly

authorized by the agreement creating the debt or permitted by law. 15 U.S.C.A. §

1692f(1) and, "Causing charges to be made to any person for communications by

concealment of the true purpose of the communication. Such charges include, but are not

limited to, collect telephone calls and telegram fees." 15 U.S.C.A. § 1692f(5).


In this case the defendant has forced the consumer to pay the costs of responding

to a subpoena when New Jersey law requires that cost to be paid for by the defendant.

This violation could be distinguished from that contained within §1692f(5), as this

violation imposed a cost to respond to a communication while §1692f(5) violations are

about the imposition of a cost to receive a communication, and, to a lesser extent, one

might argue that this violation could be distinguished from that contained within §1692f

8

(1), in that the defendant did not collect the charge but simply had the consumer pay the charge that it would otherwise have had to pay.    Nonetheless, because 15 U.S.C.A. § 1692f is a general provision which encompasses all practices that are "unfair or unconscionable" it includes the violation alleged herein which illegally caused the consumer to expend monies that he was not required to expend.

## VIII.  CONCLUSION

For the foregoing reasons the motion of the Defendant should be denied in all respects.

Dated: Cedarhurst, New York
       May 5, 2008

Respectfully submitted,

Lawrence Katz (LK-0062)
Law Offices of Lawrence Katz
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile  (516) 706-2404

9